IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
MAGISTRATE JUDGE MICHAEL J. WATANABE

**Civil Action No. 08-cv-00069-MJW-** KLM

AMY NUGENT, an individual doing business as CROWN CHIC BOUTIQUE,

Plaintiff(s),

v.

CROWN CHIC, INC., a Kansas corporation, et al.,

Defendant(s).

ORDER OF REFERENCE TO UNITED STATES MAGISTRATE JUDGE

This case was referred by Order of Reference Pursuant to 28 U.S.C. § 636(c), signed on July 29, 2009, by Judge Wiley Y. Daniel and was assigned to Magistrate Judge Michael J. Watanabe on July 29, 2008.

Pursuant to 28 U.S.C. § 636(c), 28 U.S.C. § 636(b)(1)(A) and (B), and Fed.R.Civ.P.72(a) and (b), IT IS HEREBY ORDERED that Magistrate Judge Kristen L. Mix is designated to convene such settlement conferences and direct related procedures as may facilitate resolution of this case.

IT IS FURTHER ORDERED that the **Order of Reference to Magistrate Judge**, entered by Judge Daniel on January 22, 2008, is **VACATED**.

IT IS FURTHER ORDERED that a Final Pretrial Conference is set before Magistrate Judge Michael J. Watanabe on May 7, 2009, at 9:30 a.m., in **Courtroom A-502**, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado. The parties shall submit their proposed Final Pretrial Order to U.S. Magistrate Judge Watanabe five (5) business days prior to the Final Pretrial Conference date.

Please remember that **everyone** seeking entry into the Alfred A. Arraj United States Courthouse will be required to show valid photo identification. See D.C.COLO.LCivR 83.2B.

The parties shall prepare the proposed Final Pretrial Order in accordance with the form which may be downloaded in richtext format from the forms section of the Court's website at www.co.uscourts.gov. Instructions for downloading in richtext format are posted in the forms section of the website. Parties who are *pro se* or do not have access to the internet may visit the Clerk's Office at the Alfred A. Arraj U.S.

Courthouse, 901 19th Street, Room A-105, Denver, Colorado.

DATED THIS 7TH DAY OF AUGUST, 2008.

BY THE COURT:

s/ Michael J. Watanabe
MICHAEL J. WATANABE
United States Magistrate Judge

(Atch 1)
(Rev. 04/15/02)

## INSTRUCTIONS FOR PREPARATION OF
## FINAL PRETRIAL ORDER

Counsel and any pro se party are directed to meet in advance of the pretrial conference and jointly to develop the contents of the proposed final pretrial order, which shall be presented for the court's approval no later than five days before the final pretrial conference. Also, attention is directed to Fed. R. Civ. P. 16(d), which provides, in pertinent part, that "[t]he conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties."

Listed on the following pages is a format for matters to be included in the final pretrial order. For convenience of the court, counsel, and any pro se party, the sequence and terminology in this format should be used in the preparation of the final pretrial order. The bracketed and italicized information on the form explains what the court expects.

Final pretrial orders shall be double-spaced in accordance with D.C.COLO.LCivR 10.1E., even though the instructions in the following format for the proposed final pretrial order are single-spaced.

(Atch 2)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.


Plaintiff(s),

v.


Defendant(s).

FINAL PRETRIAL ORDER

1. DATE AND APPEARANCES


2. JURISDICTION

[Include a statement of the basis for subject matter jurisdiction with appropriate statutory citations. If jurisdiction is denied, give the specific reason for the denial.]

3. CLAIMS AND DEFENSES

[Summarize the claims and defenses of all parties, including the respective versions of the facts and legal theories. Do not copy the pleadings. Identify the specific relief sought. Eliminate claims and defenses which are unnecessary, unsupported, or no longer asserted ]

4. STIPULATIONS

[Set forth all stipulations concerning facts, evidence, and the applicability of statutes, regulations, rules, ordinances, etc.]

## 5. PENDING MOTIONS

[List any pending motion to be decided before trial, giving the filing date and the filing date of any briefs in support or opposition. Include any motions on which the court expressly has postponed ruling until trial on the merits. If there are no pending motions, please state, "None."]

## 6. WITNESSES

a. List the nonexpert witnesses to be called by each party. List separately:

(1) witnesses who will be present at trial (see Fed. R. Civ. P. 26(a)(3)(A));

(2) witnesses who may be present at trial if the need arises (see Fed. R. Civ. P. 26(a)(3)(A)); and

(3) witnesses where testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony. See Fed. R.Civ. P. 26(a)(3)(B).

b. List the expert witnesses to be called by each party. List separately:

(1) witnesses who will be present at trial (see Fed. R.Civ. P. 26(a)(3)(A));

(2) witnesses who may be present at trial (see Fed. R.Civ. P. 26(a)(3)(A)); and

(3) witnesses where testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony. See Fed. R.Civ. P. 26(a)(3)(B).

[With each witness' name, set forth (1) the witness' address and telephone number if not previously disclosed, (2) a short statement as to the nature and purpose of the witness' testimony, and (3) whether he or she is expected to testify in person or by deposition.]

## 7. EXHIBITS

[a. List the exhibits to be offered by each party and identify those to be stipulated into evidence. This list should be specific enough so that other parties and the court can understand, merely by referring to the list, each separate exhibit which will be offered. General references such as "all deposition exhibits"or"all documents produced during discovery"are unacceptable.]

  (1) Plaintiff(s):

  (2) Defendant(s):

  (3) Other parties:

[The following paragraph shall be included in the final pretrial order.]

  b. Copies of listed exhibits must be provided to opposing counsel and any pro se party no later than five days after the final pretrial conference. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 11 days after the exhibits are provided.

## 8. DISCOVERY

[Use the following language:]

Discovery has been completed.

[Unless otherwise ordered, upon a showing of good cause in an appropriate motion, there will be no discovery after entry of the final pretrial order.]

## 9. SPECIAL ISSUES

[List any unusual issues of law which the court may wish to consider before trial. If none, please state, "None."]

## 10. SETTLEMENT

[Include a certification by the undersigned counsel for the parties and any pro se party that:]

  a. Counsel for the parties and any pro se party met (in person) (by telephone) on _____, 200__, to discuss in good faith the settlement of the case.

  b. The participants in the settlement conference, included counsel, party representatives, and any pro se party.

  c. The parties were promptly informed of all offers of settlement.

  d. Counsel for the parties and any pro se party (do) (do not) intend to hold future settlement conferences.

e. It appears from the discussion by all counsel and any pro se party that there is [select one]:
(a good possibility of settlement.)
(some possibility of settlement.)
(little possibility of settlement.)
(no possibility of settlement.)

f. The date of the next settlement conference before the magistrate judge or other alternative dispute resolution method.

g. Counsel for the parties and any pro se party considered ADR in accordance with D.C.COLO.LCivR.16.6.

## 11. OFFER OF JUDGMENT

[The following paragraph shall be included in the final pretrial order:]

Counsel and any pro se party acknowledge familiarity with the provision of rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

## 12. EFFECT OF FINAL PRETRIAL ORDER

[The following paragraph shall be included in the final pretrial order:]

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

[State:

1. whether trial is to the court or a jury or both,

2. estimated trial time,

3 situs of trial, and

    4    any other orders pertinent to the trial proceedings.]

[Counsel and the parties should note that the procedures for setting and conducting trial and for further conferences before trial vary according to the district judge assigned to the case. The judges all have written procedures which can be obtained from the clerk's office.]

DATED this _____ day of _____ 200__.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:


(Name)
(Address)
(Telephone Number)
Attorney for Plaintiff (or
Plaintiff, Pro Se)

(Name)
(Address)
(Telephone Number)
Attorney for Defendant (or
Defendant, Pro Se)


[Please affix counsels' and any pro se party's signatures before submission of the final pretrial order to the court.]